the excess, whereupon the contract would be canceled. Before the sale the owner of the equity of redemption notified the mortgagee that an assignment of said mortgage would be required. Thereafter the assignment was made, and although the foreclosure proceedings continued defendant claimed that he was no longer obliged to bid in the property and notified plaintiff that he would be unable to perform and offered to return the deposit upon their releasing him from liability.

*Alexander Pfeiffer* and *Seth V. Elting* for appellants.

*J. Philip Van Kirk* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

GENEROSO PETECCA et al., as Administrators of the Estate of MICHAEL PETECCA, Deceased, Respondents, *v.* THE BRONX GAS AND ELECTRIC COMPANY, Appellant, Impleaded with Others.

*Negligence — electricity — death through coming in contact with lighting fixture — alleged defective transformer.*

*Petecca* v. *Bronx Gas & Electric Co.,* 206 App. Div. 748, affirmed.
(Argued October 23, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1923, affirming a judgment in favor of plaintiffs entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Decedent, while delivering ice in a cellar came in contact with an electric lighting fixture and received a shock from which he died. The complaint alleged that defendant's transformer was defective and allowed the entire current carried by the feed wire to pass into the building.

*Thomas H. Rothwell* for appellant.

*Thomas G. Price* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ.   Dissenting: CARDOZO, J.

---

THE BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT NO. 1 OF THE TOWN OF LIBERTY, Respondent, *v.* ANNA L. HOYT, Appellant.

*Eminent domain — condemnation proceedings — adequacy of award.*

*Board of Education, Union Free School District No. 1, Town of Liberty* v. *Hoyt,* 205 App. Div. 859, affirmed.

(Submitted October 24, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered February 7, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which affirmed an order of Special Term confirming an award in condemnation proceedings. The sole question on appeal was the adequacy of the award.

*D. S. Hill* for appellant.

*Sidney F. Foster* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CAROLINE A. BELL, Appellant, *v.* JANET LITTLE et al., Respondents.

*Dower — husband and wife — divorce in foreign state of resident of this state without personal service upon husband or his appearance in action — her marriage to another in said foreign state who had knowledge of facts, invalid in this state — not entitled to dower in estate of second husband.*

*Bell* v. *Little,* 204 App. Div. 235, affirmed.

(Argued October 26, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 10, 1923, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court at an Equity